UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TROY LYNN ROBERTS,

      Plaintiff,

v.                                                      Case No. 3:17cv355-MCR-CJK

JUSTIN TURNER, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint.  (Doc. 1).

The complaint was referred to the undersigned for screening under 28 U.S.C. §

1915(e)(2)(B).  After review, it is evident the facts as presented fail to support a

viable claim for relief.  Furthermore, plaintiff could not cure the deficiencies by

filing an amended complaint.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th

Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity

to amend their claims before dismissing them if it appears a more carefully drafted

complaint might state a claim upon which relief can be granted even if the plaintiff

never seeks leave to amend.") (quotation omitted).  Thus, for the reasons that follow,

the undersigned recommends that this case be dismissed under 28 U.S.C.

§ 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Bay Correctional Facility.  The complaint identifies 2 defendants: Justin Turner, an assistant public defender; and Walton County.  The complaint sets forth the factual allegations that follow.

Justin Turner represented plaintiff when he was prosecuted for (1) trafficking in amphetamine; (2) selling, manufacturing, and/or delivering methamphetamine; and (3) possession of drug paraphernalia.[1]  Plaintiff alleges Turner "learned that . . . plaintiff would be successful at [a] suppression hearing and . . . illegally seized evidence would be suppressed and the State of Florida would not have a valid case against . . . plaintiff."  Turner, however, feared plaintiff would sue Walton County— Turner's alleged employer—for a civil rights violation if the suppression hearing was decided in plaintiff's favor.  Thus, Turner "lied to the plaintiff and said the suppression motion would not be granted then coerced . . . plaintiff into allowing the suppression motion to be dismissed."  Plaintiff also claims Turner "conspired with [unnamed Walton County officials] to deny plaintiff his constitutional right to seek

---

[1] *See* Walton County Clerk of Court, Court Records Online, *Florida v. Roberts*, Case No. 2014CF717, https://www.civitekflorida.com/ocrs/county/ (last visited June 15, 2017).

Case No. 3:17cv355-MCR-CJK

a suppression hearing due to an illegal search and seizure."[2]  Plaintiff pleaded nolo

contendere to the charges and received a 7-year prison sentence.

Based on the foregoing, plaintiff alleges the defendants violated his rights

under the Fifth, Sixth, and Fourteenth Amendments.  As relief, he seeks $1 million

in compensatory damages, $2 million in punitive damages, and a declaratory

judgment.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma*

*pauperis* action if the court determines that the action is "(i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary

relief against a defendant who is immune from such relief."   28 U.S.C.

§ 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112

F.3d 1483, 1485 (11th Cir. 1997).  In applying the standard, the court accepts all

<u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u>

inferences derived from those facts in the light most favorable to the plaintiff.  *See*

*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v.*

---

[2] Plaintiff incorrectly states he previously "won" N.D. Fla. Case No. 3:16cv68-MCR-CJK and "[t]his court has already determined that . . . plaintiff's Fourth Amendment rights were violated." Plaintiff is advised that he has not prevailed in Case No. 3:16cv68-MCR-CJK and it remains pending.  Although the court denied the defendant's motion to dismiss in that case, neither the court nor a jury has determined plaintiff's Fourth Amendment rights were violated.

*Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . .  [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible."  *Id.* at 570.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  Plaintiff alleges defendant Turner provided inadequate representation during plaintiff's criminal proceeding by convincing him to forego a suppression hearing.  However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *see also Wusiya v. City of Miami Beach*, 614 F. App'x 389, 392 (11th Cir. 2015) ("[R]epresentation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state rather than the indigent client has no bearing on the lawyer's duties and obligations.") (citation omitted).  Turner is not subject to suit under § 1983 because he was not acting under color of state law during his representation of plaintiff, and amendment could not change this conclusion.

Furthermore, plaintiff's allegations are wholly conclusory.  *See Hansel v. All Gone Towing Co.*, 132 F. App'x 308, 310 (11th Cir. 2005) ("[C]onclusory allegations, with no factual support, are insufficient to state a claim.") (*citing Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).  He states Turner "learned that . . . plaintiff would be successful at [a] suppression hearing[,]" but fails

to explain how his attorney: (1) knew a judge would rule in plaintiff's favor; or (2) "coerced . . . plaintiff into allowing the suppression motion to be dismissed." Likewise, the conclusory allegation that "Turner conspired with county official[s]" is insufficient to state a claim for relief.  And contrary to plaintiff's belief, Turner is not an employee of Walton County.  *See* Fla. Const. art. V, § 18 ("In each judicial circuit a public defender shall be elected for a term of four years, who shall perform duties prescribed by general law. . . .  Public defenders shall appoint such assistant public defenders as may be authorized by law.").  Walton County, therefore, is not liable for any of the actions described in the complaint.  That plaintiff is dissatisfied with the outcome of his criminal case and the quality of Turner's representation does not provide a basis for a civil rights lawsuit.

Accordingly, it is respectfully RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of June, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


Case No. 3:17cv355-MCR-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.